UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL HAMPTON (#334976)                         CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                          NO. 13-0015-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___8th___ day of March, 2013.

                                    _____
                                    RICHARD L. BOURGEOIS, JR.
                                    MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL HAMPTON (#334976)                           CIVIL ACTION

VERSUS

WARDEN BURL CAIN, ET AL.                            NO. 13-0015-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 12.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Ass't Warden Brian Benjaman and Secretary James LeBlanc, complaining that his constitutional rights are being violated by exposure to unreasonable amounts of environmental tobacco smoke at LSP. The plaintiff further complains that the defendants are interfering with his constitutional right to seek redress of grievances by failing to properly address administrative grievances filed by him. Finally, pursuant to Amended Complaint, the plaintiff has added as defendants herein Records Analyst Mary Strickland and Parole Board Chairman Sharon Ranatza and complains that his constitutional rights have been violated by the wrongful determination that he is ineligible for release under the Louisiana good-time statute.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and

identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. The nonmoving party is not required to respond to the motion until the movant has properly supported his motion with competent evidence. Id. Once the movant has carried his burden of proof, the burden shifts to the non-movant to show that the entry of summary judgment is not appropriate. Celotex Corp. v. Catrett, supra. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56.

The Court concludes, on the record before it, that the plaintiff's motion should be denied at the present time. The record does not reflect that the defendants have been served with process in this case, and they have not yet appeared in this proceeding through the filing of an Answer or other responsive pleading. As a result, they have not had notice of the plaintiff's motion or an opportunity to respond thereto. A federal court is permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party has appeared or answered. See Kuperman v. ICF International, 2008 WL 647557 (E.D. La., March 5, 2008), citing 10A Charles Alan Wright, et al., Federal Practice and Procedure, § 2717, at 298-99 (1998); Wartsila v. Duke Capital LLC, 2007 WL 2274403 (S.D. Tex., Aug. 8, 2007), aff'd, 518 F.3d 287 (5th Cir. 2008). Specifically, deferring a decision on a motion for summary judgment filed before the parties have answered is appropriate where the district court finds that the motion is premature. Id. See also Matini v. Reliance Standard Life Ins. Co., 2005 WL 2739030 (E.D. Va., Oct. 24, 2005); First American Bank, N.A. v. United Equity Corp., 90 F.R.D. 81 (D. D.C. 1981). It has also been held that a district court "must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." Stuart Inv. Co. v. Westinghouse Elec. Corp., 11 F.R.D.

277 (D. Neb. 1951). Accordingly, the Court finds that a grant of summary judgment would be premature at the present time and that the plaintiff's motion should be dismissed, without prejudice.[1]

### RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 12, be dismissed, without prejudice, as premature, and that this matter be referred back for further proceedings.

Baton Rouge, Louisiana, this 8th day of March, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

---

[1] In addition to the foregoing, the Court finds that the plaintiff's exhibits do not establish his entitlement to relief as a matter of law and do not establish the absence of any genuine issue of material fact.