UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL HAMPTON | CIVIL ACTION |
| VERSUS | |
| BURL CAIN, ET AL. | NO. 13-00015-BAJ-RLB |

## RULING AND ORDER

Before the Court is Plaintiff's **Motion Requesting Stay of Judgment (Doc. 91)**, filed by Michael Hampton ("Plaintiff"), seeking an order staying this Court's Ruling and Order (Doc. 88) Adopting the Magistrate Judge's Report and Recommendation (Doc. 87), dismissing Plaintiff's claims with prejudice on the grounds that he "never received neither (sic) the judgment order of the District Court Judge, or the report and recommendation of the United States Magistrate Judge." (Doc. 91 at p. 1).

However, a review of the record in this matter reveals that Plaintiff's assertion is incorrect. On January 31, 2014, the Magistrate Judge's Report and Recommendation was sent to Plaintiff via the Electronic Filing System ("e-filing system") at the Louisiana State Penitentiary ("LSP") as that was his current place of incarceration. (*See* Doc. 87). The Report was never returned to the Court as undeliverable for any reason. In fact, handwritten objections sent by the Plaintiff to this Court on February 12, 2014, confirm his receipt of the Magistrate Judge's Report and Recommendation. (*See* Exhibit 1 at p. 1) (admitting that he "signed and

received his copy of the Magistrate Judge's Report and Recommendation," on February 6, 2014). Because Plaintiff sent his objections via the United States Postal Service, they did not comply with General Order 2012-01, which established the Prisoner Electronic Filing Pilot Project at LSP.[1] Accordingly, Plaintiff's documents were returned, along with an accompanying instruction that all "pleadings submitted by a prisoner to the courts for filing which have not been scanned and emailed by authorized [LSP] personnel, may . . . be returned." (Doc. 89). Like the Magistrate Judge's Report, this letter from the Office of the Clerk of Court was also not returned as undeliverable. Finally, this Court's Ruling and Order Adopting the Magistrate Judge's Report and Recommendation was also sent via the e-filing system, and was similarly not returned. (Doc. 88).

Now, more than a year after the issuance of the Ruling and Order closing this case, Plaintiff seeks a stay of judgment. (Doc. 91 at p. 1). The motion must fail for several reasons. First, the Plaintiff's motion is extraordinarily untimely. Because the motion does not list a particular rule, the Court assumes that it is made pursuant to Federal Rule of Civil Procedure ("Rule") 60, which permits a court to relieve a party from a final judgment under certain circumstances.[2] Fed. R. Civ. P.

---

[1] Notably, Plaintiff cannot contend that he was not aware of this policy, as it is apparent that several of his filings, including his Complaint were scanned and emailed in accordance with General Order 2012-01. (*See, e.g.*, Doc. 1 at p. 1; Doc. 5 at p. 1). In addition, Plaintiff was also given prior notice that pleadings that were not filed using the e-filing system may be returned. (Doc. 6 at p. 1).

[2] Specifically, Rule 60(b) provides that relief may be awarded for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

60(b). However, Rule 60 motions "must be made within a reasonable time," and under circumstances not raised here, "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). While Rule 60(c) does not specify what constitutes a "reasonable" time for motions relying on Rule 60(b), the Court finds that the filing of the instant motion more than a full year after the Plaintiff confirmed receipt of the Magistrate Judge's Report and issuance of this Court's Ruling is not reasonable. Additionally, based on the foregoing, Plaintiff has utterly failed to demonstrate that he did not receive the documents at issue as he contends. In the 373 days following the return of Plaintiff's objections, he did not file a single motion regarding this matter or attempt to re-file his objections using the proper procedure after his documents had been returned. Because of these failures, along with Plaintiff's failure to establish any other legitimate basis on which to stay the judgment,

**IT IS ORDERED** that Plaintiff's Motion Requesting Stay of Judgment (Doc. 91) is **DENIED**.

Baton Rouge, Louisiana, this 19th day of March, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

RECEIVED
FEB 12 2014
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

United States District Court
Middle District of Louisiana
Baton Rouge

Michael Hampton,
La. Doc No. 334976

Versus

Warden Burl Cain, ET.AL.

3:13-CV-00015
Civil Action No.

Brian A. Jackson
Chief District Court Judge

Richard L. Bourgeois
Magistrate Judge

s/ _____
Deputy Clerk of Court

Plaintiff's Memmorandum in opposition to the Magistrate Judge's Report and Recommendation Rec. February 6, 2014

Now Before the Honorable Court Comes Michael Hampton, Plaintiff and Prose Litigant who humbly comes before the Honorable Court with his Memmorandum in opposition to the Magistrate Judges Report and Recommendation and also represent's the following:

I

On February 6, 2014 the Plaintiff signed and received his copy of the Magistrate Judge's report and Recommendation, and upon review of said report and recommendation and report, Plaintiff observed that the undersigned Magistrate Judge failed to consider the Plaintiff's opposition to the Defendant's

1.

Motion to dismiss According to Fed. Rule of Civil Proceedure 12(b)(6) [doc 45], Filed on July 15, 2013. The undersigned Magistrate Judge Failed to consider key Federal Tite statutes in His Report and Reccommendation that would have rendered a different Opinion.

Thus Signed on this 9th day of February, 2014

Respectfully Submitted;

s/ ~~~ #334976
Michael Hampton #334976
LSP
T/U cell block upper
"E"
Angola, La. 70712
Pro se Litigant

CC: File

Michael Hampton (Plaintiff)

Certificate of Service

I, Michael Hampton certify under penalty of Law, that I have caused A true and correct copy to be served upon the ~~the clerk~~ of Court United State's District Court via First class mail Postage Pre Paid.

s/ ~~~ #334976
Michael Hampton #334976

2.

Michael Hampton #334976
Louisiana State Penitentiary
17 Cell Block upper "E"
Angola, La. 70712

Federal Privelyged
- Mail
Legal Mail

7080 1176699

Clerk of Court
United States District Court
Middle District of Louisiana
777 Florida Street Suite 139
Baton Rouge, La. 70801

NOT CENSORED
Not Responsible For Contents
La. State Penitentiary

FEB 11 2014

LA. STATE PEN.
AN ALL MALE PENAL INSTITUTE

Legal Mail